IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ROSALES, )<br>)<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>_____ ) | No. CV-F-08-1333 OWW<br>(No. CR-F-05-161 OWW)<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER<br>OSCAR ROSALES' MOTION FOR<br>APPOINTMENT OF COUNSEL,<br>DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255, AND<br>DIRECTING CLERK OF COURT TO<br>ENTER JUDGMENT FOR<br>RESPONDENT |

On September 2, 2008, Petitioner Oscar Rosales timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner, represented by attorneys Salvatore Sciandra and Alan Ellis, pleaded guilty pursuant to a written Plea Agreement to Count Two of the Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute

marijuana. (Doc. 461). Pursuant to the Plea Agreement, Petitioner specifically agreed:

> 3. <u>Agreements by the Defendant</u>.
>
> ...
>
> (f) The defendant understands that the law gives him a right to appeal his conviction and sentence. The defendant waives any right to appeal his conviction and sentence and any right he may have to bring any other post-conviction attack on his conviction and sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction and sentence.

Mr. Ellis, a federal sentencing expert, filed a Sentencing Memorandum on behalf of Petitioner in which it was argued that the Court should depart downward from the Sentencing Guidelines pursuant to USSG § 5K2.13 because Petitioner suffered from reduced mental capacity that contributed to the commission of the offense, specifically that Petitioner suffers from Bipolar Disorder. (Doc. 602). The Sentencing Memorandum was supported by Declarations filed by Dr. Howard Terrell. Evidentiary hearings at which Dr. Terrell and others testified were conducted on August 22 and 28, 2007. (Docs. 607, 610). Petitioner was sentenced on August 28, 2007 to 169 months incarceration and a 60 month term of supervised release. Because Petitioner waived his right to appeal his conviction and sentence in the Plea Agreement, Petitioner was not advised of his right to appeal with his knowing and voluntary consent and that of his attorneys at

sentencing.  (Doc. 613).

In his Section 2255 motion, Petitioner asserts two grounds for relief, denial of the effective assistance of counsel and denial of right to appeal.  Petitioner asserts:  "Counsel did not properly explain the effect of synergism when using marijuana and alcohol along with medical condition of Bi-Polar" and that "Counsel Improperly advised client not fully understand the consequences of his plea."

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied*, 508 U.S. 979 (1993).  The Ninth Circuit ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Here, Petitioner appears to assert that he was denied the effective assistance of counsel in entering into the Plea Agreement and in the decision to plead guilty.

The standards governing an assertion of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  As explained in *United States v. Quintero-Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....

To prevail on a claim of ineffective assistance of counsel based on the contention that a guilty plea was not knowing and voluntary, the petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner has not demonstrated ineffective assistance of counsel under these standards. During the change of plea colloquy under Rule 11, Federal Rules of Criminal Procedure,

```
1   Petitioner, who was under oath, responded as follows to the
2   Court's questions:
3              Q.   Your age?
4              A.   I'm 40 years old.
5              Q.   How much education have you complete
               [sic]?
6
               A.   Two years of college.
7
               Q.   Have you ever been treated for a mental
8              illness?
9              A.   No.
10             Q.   Have you ever been treated for addiction
               to narcotic drugs?
11
               A.   Alcohol, yes.  Alcohol.
12
               Q.   How long ago was that?
13
               A.   I'm a recovering alcoholic.  Around six
14             years ago, your Honor.
15             Q.   Has any prior use of alcohol had any
               effect on the clarity of your thinking in
16             this case?
17             A.   No.
18             Q.   Have you been able to understand Mr.
               Sciandra's legal advice?
19
               A.   Yes.
20
               Q.   And Mr. Sciandra, are you satisfied that
21             you have been able to communicate to your
               satisfaction with Mr. Rosales?
22
               MR. SCIANDRA: Yes, I am, your Honor.
23
               THE COURT: Thank you.
24
               ...
25
               Q.   Today have you consumed any medicine,
26             drug of alcohol?
```

1  **A. No, your Honor.**

2  **Q. In this case, you are charged in a seven-count superseding indictment with the following crimes: Continuing criminal enterprise; conspiracy to distribute and to possess with the intent to distribute marijuana; possession with the intent to distribute marijuana, and aiding and abetting; possession with the intent to distribute marijuana and aiding and abetting. Another count of the same crime. [¶] Another count - in fact, there are, in all, five counts of possession with the intent to distribute marijuana and aiding and abetting. [¶] All of these crimes are felonies. [¶] Have you been able to discuss the nature of these offenses with Mr. Sciandra, your attorney, and how you would defend against them if we had a trial?**

**A. Yes, your Honor.**

**Q. Please look at page number 16, line 9.**

**...**

**Q. Do you recognize that signature?**

**A. Yes, it's mine.**

**Q. Whose is it?**

**A. It's mine.**

**Q. Before you signed this agreement, did you read through it?**

**A. Yes, I did.**

**Q. Were you then able to talk to Mr. Sciandra about it and ask him any questions you had about the meaning of the agreement?**

**A. Yes, I did.**

**Q. When you finished that process, are you satisfied that you understood the meaning of this agreement before you signed it?**

**A. Yes, your Honor.**

(Doc. 509, RT 4:17 - 7:2).  The Court then reviewed with Petitioner every provision in the Plea Agreement pertaining to agreements by Petitioner and agreements by the United States, specifically asking Petitioner if he understood and agreed to those provisions.  Petitioner responded that he understood and agreed to each of the provisions when specifically asked by the Court.   (Doc. 509, RT 7:3 - 11:3).  In particular:

> Q. ... Next, you have been advised, and I want to confirm, that you understand that, under the law, you have a right to appeal any judgment of this Court from this court to a higher court directly, or you also have a right to file another proceeding, another case in this court or another court after you have been convicted, seeking review, either directly by direct appeal or collaterally, like a petition for writ of habeas corpus.
> [¶] You are giving up all rights to seek review of your prosecution, plea, conviction and sentence.  Is that agreed?
>
> A. Yes, your Honor.

(Doc. 509, RT 8:6-16).
The following then occurred:
> [THE COURT]: That's the whole agreement that's in writing as to what you are supposed to give and get in return.  Do you have any different understanding?  Has anybody promised you anything that you expect to get not in writing?
>
> A. No, your Honor.
>
> Q. Has anybody threatened you or put pressure on you to get you to change your plea?
>
> A. No, your Honor.
>
> Q. Will you plead guilty because in truth and fact, the elements of this crime could be proved against you beyond a reasonable doubt?

1        A.   Yes, your Honor.
2  (Doc. 509, RT 11:4 -15).  The Court advised Petitioner of the
3  maximum punishment for the offense to which Petitioner was
4  pleading guilty and the elements of the crime to which Petitioner
5  was pleading guilty.  Petitioner was asked if he understood the
6  punishment that he faced and the elements of the crime.  (Doc.
7  509, RT 11:16-12:21).  The Court then recited the factual basis
8  for Petitioner's guilty plea and asked Petitioner if all of these
9  facts were true, to which Petitioner responded "yes."  (Doc. 509,
10 RT:12:24-24:18).  The Court then advised Petitioner of the
11 statutory and constitutional rights Petitioner was giving up by
12 not having a trial and asked Petitioner if he understood those
13 rights and was willing to give them up.  Petitioner responded
14 affirmatively to both questions.  (Doc. 509, RT 24:21-26:14;
15 28:17-30:19).
16      Petitioner's sworn responses during the change of plea
17 proceedings negate any inference that counsel was
18 constitutionally ineffective in advising Petitioner to enter the
19 guilty plea.  Petitioner's assertion that Mr. Sciandra
20 "[i]mproperly advised client not fully understand the
21 consequences of his plea" is conclusory and unsupported by any
22 specific instance where Petitioner did not properly advise
23 Petitioner or where Petitioner did not fully understand the
24 consequences of his guilty plea.
25      Petitioner's claims that "Counsel did not properly explain
26 the effect of synergism when using marijuana and alcohol along

with medical condition of Bi-Polar" appears to pertain to the sentencing hearings.  Petitioner sets forth no facts or evidence to support this contention.  As noted, Petitioner's attorneys presented argument and evidence to support a downward departure because of Petitioner's mental condition and a two-day evidentiary hearing was held before sentence was pronounced.  Petitioner's expert psychiatrist presented such a theory in his reports and testimony.  It was not entirely persuasive.  Petitioner has not demonstrated ineffective assistance of counsel under the standards set forth above.

Petitioner claims that the failure to file a Notice of Appeal constituted ineffective assistance of counsel.  Petitioner does not assert that he asked defense counsel to file a Notice of Appeal.

In cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), holds:

> [T]he question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.  We employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.  If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal ... If counsel has not consulted

> with the defendant, the court must in turn
> ask a second, and subsidiary, question:
> whether counsel's failure to consult with the
> defendant itself constitutes deficient
> performance.  That question lies at the heart
> of this case: Under what circumstances does
> counsel have an obligation to consult with
> the defendant about an appeal?
>
> ...
>
> We ... hold that counsel has a
> constitutionally-imposed duty to consult with
> the defendant about an appeal when there is
> reason to think either (1) that a rational
> defendant would want to appeal (for example,
> because there are nonfrivolous grounds for
> appeal), or (2) that this particular
> defendant reasonably demonstrated to counsel
> that he was interested in appealing.  In
> making this determination, courts must take
> into account all the information counsel knew
> or should have known ... Although not
> determinative, a highly relevant factor in
> this inquiry will be whether the conviction
> follows a trial or a guilty plea, both
> because a guilty plea reduces the scope of
> potentially appealable issues, and because
> such a plea may indicate that the defendant
> seeks an end to judicial proceedings.  Even
> in cases where the defendant pleads guilty,
> the court must consider such factors as
> whether the defendant received the sentence
> bargained for as part of the plea and whether
> the plea expressly reserved or waived some or
> all appeal rights.  Only by considering all
> relevant factors in a given case can a court
> properly determine whether a rational
> defendant would have desired an appeal or
> that the particular defendant sufficiently
> demonstrated to counsel an interest in an
> appeal.

*Id.* at 478, 480.  With respect to the prejudice prong of a claim of ineffective assistance of counsel, the Supreme Court holds that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for

1  counsel's deficient failure to consult with him about an appeal,
2  he would have timely appealed." *Id*. at 484. The Supreme Court
3  concluded:

> As with all applications of the <u>Strickland</u> test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case ... Nonetheless, evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination. We recognize that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal ... But, while the performance and prejudice prongs may overlap, they are not in all cases co-extensive. To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.
>
> By the same token, although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to 'specify the points he would have raised were his right to appeal reinstated,' ... will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed ... We similarly conclude here that it is unfair to <u>require</u> an indigent, perhaps <u>pro se</u>, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has even reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would

11

have appealed.
Id. at 485-486.

Petitioner has not demonstrated that counsel was ineffective in failing to consult him about filing an appeal or filing an appeal on his behalf.  Here, there was no reason to inquire about appeal because Petitioner voluntarily and knowingly waived any right to appeal in the Plea Agreement.  In addition to confirming his written waiver at his Rule 11 plea, Petitioner was specifically not advised of his appeal right at sentencing because of the waiver and counsel agreed to the non-advisement, so as not to impair a valid and subsisting waiver of appeal rights.  Petitioner had obtained the benefit of a very favorable plea bargain, which would have been jeopardized if a Notice of Appeal was filed, as it would have breached the Plea Agreement. Because appeal had been validly waived and Petitioner obtained the benefit of a very favorable plea bargain, no rational defendant would want to appeal and jeopardize that bargain. Defense counsel's failure to file a Notice of Appeal was not constitutionally deficient performance.

For the reasons stated:

1.   Petitioner Oscar Rosales' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.   The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

///
///

IT IS SO ORDERED.

**Dated:   September 11, 2008**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE